IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of D & N ELECTRIC COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, LIBERTY MUTUAL INSURANCE COMPANY and WALBRIDGE ALDINGER COMPANY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION FILE<br>) NO.   4:12-cv-00050-BAE-GRS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT WALBRIDGE ALDINGER COMPANY**

Walbridge Aldinger Company ("Walbridge") answers the Complaint of Use-Plaintiff D & N Electric Company ("D & N") as follows. Pursuant to Local Rule 3.2, Walbridge incorporates by this reference Defendants' Certificate of Interested Parties filed contemporaneously herewith.

**ANSWER TO SPECIFIC ALLEGATIONS**

Walbridge answers each of the numbered paragraphs of the Complaint as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Walbridge is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 1; therefore, such averments are denied.

2.      Walbridge is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 2; therefore, such averments are denied.

3. Walbridge is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 3; therefore, such averments are denied.

4. Walbridge admits the averments of Complaint Paragraph 4.

5. Walbridge admits in part and denies in part the averments of Complaint Paragraph 5. Walbridge admits that this is the district in which the contract was performed and in which the project was located. Walbridge admits that the amount alleged to be in controversy is, exclusive of interest and costs, in excess of $75,000.00. Walbridge is without sufficient knowledge or information to admit or deny the remaining averments of Complaint Paragraph 5; therefore; such averments are denied.

6. Walbridge admits in part and denies in part the averments of Complaint Paragraph 6. Walbridge admits that Fort Stewart is located in the Southern District of Georgia. Walbridge is without sufficient knowledge or information to admit or deny the remaining averments of Complaint Paragraph 6; therefore; such averments are denied.

**BACKGROUND FACTS**

7. Walbridge admits the averments of Complaint Paragraph 7.

8. Walbridge admits in part and denies in part the averments of Complaint Paragraph 8. Walbridge admits that Travelers Casualty and Surety Company of America ("Travelers"), Liberty Mutual Insurance Company ("Liberty"), and Walbridge executed a payment bond concerning the 5th Infantry Brigade Combat Team Complex construction project (the "Project") at Fort Stewart, Georgia. The payment bond is a written document that speaks for itself, and Walbridge denies all averments of Complaint Paragraph 8 that are inconsistent with or not directly derived from the payment bond. Walbridge denies all remaining averments of Complaint Paragraph 8.

9. Walbridge admits in part and denies in part the averments of Counterclaim Paragraph 9. Walbridge admits that D & N and Walbridge entered into a subcontract agreement (the "Subcontract") concerning the Project. The Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Complaint Paragraph 9 that are inconsistent with or not directly derived from the Subcontract. Walbridge denies all remaining averments of Complaint Paragraph 9.

10. Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Complaint Paragraph 10 and Subparagraphs 10(a) through 10(m) that are inconsistent with or not directly derived from the Subcontract. Walbridge denies all remaining averments of Complaint Paragraph 10.

11. Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Complaint Paragraph 11 and Subparagraphs 11(a) and (b) that are inconsistent with or not directly derived from the Subcontract. Walbridge denies all remaining averments of Complaint Paragraph 11.

12. Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Complaint Paragraph 12 that are inconsistent with or not directly derived from the Subcontract. Walbridge denies all remaining averments of Complaint Paragraph 12.

13. Walbridge denies the averments of Complaint Paragraph 13 and Subparagraphs 13(a) through 13(q).

14. Walbridge denies the averments of Complaint Paragraph 14.

15. Walbridge denies the averments of Complaint Paragraph 15.

16. Walbridge denies the averments of Complaint Paragraph 16.

17. Walbridge denies the averments of Complaint Paragraph 17.

18. Walbridge denies the averments of Complaint Paragraph 18.

19. Walbridge denies the averments of Complaint Paragraph 19.

20. Walbridge denies the averments of Complaint Paragraph 20.

21. Walbridge denies the averments of Complaint Paragraph 21.

22. Walbridge denies the averments of Complaint Paragraph 22.

23. Walbridge denies the averments of Complaint Paragraph 23.

## COUNT ONE
### ACTION ON PAYMENT BOND AND UNDER THE MILLER ACT

24. Walbridge reasserts and incorporates by this reference its responses to Complaint Paragraphs 1 through 23 stated above as if fully set forth herein.

25. Walbridge admits in part and denies in part the averments of Complaint Paragraph 25. Walbridge admits that Travelers, Liberty, and Walbridge executed a payment bond concerning the Project. The payment bond is a written document that speaks for itself, and Walbridge denies all averments of Complaint Paragraph 25 that are inconsistent with or not directly derived from the payment bond. Walbridge denies all remaining averments of Complaint Paragraph 25.

26. Walbridge avers that the payment bond is a written agreement that speaks for itself, and Walbridge denies all averments of Complaint Paragraph 26 that are inconsistent with or not directly derived from the payment bond. Walbridge denies all remaining averments of Complaint Paragraph 26.

27. Walbridge avers that the payment bond is a written agreement that speaks for itself, and Walbridge denies all averments of Complaint Paragraph 27 that are inconsistent with

4

or not directly derived from the payment bond.  Walbridge denies all remaining averments of Complaint Paragraph 27.

28.     Walbridge avers that the payment bond is a written agreement that speaks for itself, and Walbridge denies all averments of Complaint Paragraph 28 that are inconsistent with or not directly derived from the payment bond.  Walbridge denies all remaining averments of Complaint Paragraph 28.

29.     Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Complaint Paragraph 29 that are inconsistent with or not directly derived from the Subcontract.  Walbridge denies all remaining averments of Complaint Paragraph 29.

30.     Walbridge is without sufficient knowledge or information to admit or deny the averments of Complaint Paragraph 30; therefore, such averments are denied.

31.     Walbridge denies the averments of Complaint Paragraph 31.  Walbridge avers that no amount is due to D & N from Walbridge, Travelers, or Liberty, whether under the payment bond, the Subcontract, or otherwise.

32.     Walbridge denies the averments of Complaint Paragraph 32.  Walbridge avers that no amount is due to D & N from Walbridge, Travelers, or Liberty, whether under the payment bond, the Subcontract, or otherwise.

33.     Walbridge denies the averments of Complaint Paragraph 33.

34.     Walbridge denies the averments of Complaint Paragraph 34.

35.     Walbridge denies the averments of Complaint Paragraph 35.  Walbridge avers that no sum is due to D & N from Walbridge, Travelers, or Liberty, whether under the payment bond, the Subcontract, or otherwise.

36. Walbridge admits the averments of Complaint Paragraph 36.

37. Walbridge denies the averments of Complaint Paragraph 37.

38. Walbridge denies the averments of Complaint Paragraph 38.

39. Walbridge denies the averments of Complaint Paragraph 39.

40. Walbridge denies the averments contained in the prayer for relief and the *ad damnum* clause, as well as any other averments contained in the Complaint that are not specifically admitted hereinabove.

## AFFIRMATIVE DEFENSES

Walbridge asserts the following affirmative defenses to the Complaint.

1. The Complaint fails to state a claim upon which relief can be granted.

2. D & N's action is barred in whole or in part by the failure to satisfy, or the non-occurrence of, various conditions precedent contained in the Subcontract, including but not limited to D & N's failure to provide proper notice of its claims according to the Subcontract terms, D & N's failure to submit its claims in the time, form, and manner required by the Subcontract terms, D & N's waiver and release of its claims, D & N's requests for payment for claims that are not compensable according to the Subcontract terms, D & N's failure to perform and complete its work according to the Subcontract terms, and D & N's work not being approved and accepted by the Project owner, the U.S. Army Corps of Engineers (the "Government"), as additional work.

3. D & N's action is barred in whole or in part by the failure to satisfy, or the non-occurrence of, various conditions precedent. D & N failed to satisfy conditions precedent contained in the payment bond for the project, including but not limited to failing to provide

proper notice and requesting payment for goods and services outside the scope of the payment bond.

4. D & N's action is barred in whole or in part by D & N's failure to submit its requests for adjustments to its Subcontract time and amount in the time, form, and manner required by the Subcontract in order for D & N's requests to be passed through by Walbridge to the Government.

5. D & N's action is barred in whole or in part by Walbridge's payment to D & N.

6. D & N's action is barred in whole or in part by the doctrine of accord and satisfaction.

7. D & N's action is barred in whole or in part by waiver.

8. D & N's action is barred in whole or in part by release.

9. D & N failed to perform its Subcontract obligations, therefore its action is barred by failure of consideration.

10. D & N's action is barred in whole or in part by recoupment.  D & N failed to perform its Subcontract and Walbridge was forced to pay others to complete D & N's work.

11. D & N's action is barred in whole or in part by estoppel.

12. D & N has failed to properly allege amounts owed to it under the Miller Act.

13. D & N's action is barred by a prior pending action, *Walbridge Aldinger Company v. D & N Electric Company et al.*, Case No. 1:11-cv-04602-ODE, United States District Court for the Northern District of Georgia.

WHEREFORE, Walbridge prays that the Court enter judgment in favor of Walbridge and against D & N, that the Court grant such other and further relief as it deems just and proper, and that all costs of this action be taxed against D & N.

This 8th day of March, 2012.

        SMITH, CURRIE & HANCOCK LLP

        /s/ Joseph C. Staak
        Joseph C. Staak
        Georgia Bar No. 673712
        245 Peachtree Center Avenue, N.E.
        Suite 2700 Marquis One Tower
        Atlanta, Georgia   30303-1227
        Telephone:    404-521-3800
        Facsimile:    404-688-0671

***Attorneys for Defendants Travelers Casualty and Surety Company of America, Liberty Mutual Insurance Company, and Walbridge Aldinger Company***

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2012 the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT WALBRIDGE ALDINGER COMPANY** was filed and served electronically via the Court's CM/ECF system, which will automatically serve Notice of Electronic Filing to the following:

> David H. Johnson, Esq.
> McCorkle & Johnson, LLP
> 319 Tattnall Street
> Savannah, Georgia   31401
> dhj@mccorklejohnson.com

This 8th day of March, 2012.

/s/ Joseph C. Staak
Joseph C. Staak
Georgia Bar No. 673712
Smith, Currie & Hancock LLP
245 Peachtree Center Avenue, N.E.
Suite 2700 Marquis One Tower
Atlanta, Georgia   30303-1227

*Attorneys for Defendants Travelers Casualty and Surety Company of America, Liberty Mutual Insurance Company, and Walbridge Aldinger Company*